# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOUREY NEWELL, on behalf of himself and others similarly situated, | CIVIL ACTION 1:20-cv-245 |
| Plaintiff, | |
| v. | **COMPLAINT – CLASS ACTION** |
| NORTH COAST MEDIA, LLC | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Jourey Newell (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. This case involves North Coast Media, LLC's ("North Coast") use of pre-recorded messages in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2. North Coast used a software program to transmit thousands of unsolicited pre-recorded messages to Plaintiff and proposed Class Members. By doing so without first obtaining the prior express consent of recipients, North Coast violated the TCPA.

3. The recipients of North Coast's illegal messages, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA.

## PARTIES

4. Plaintiff Jourey Newell is, and at all times mentioned herein was, an individual citizen of Pennsylvania.

5. Defendant North Coast Media, LLC is an Ohio limited liability company with its principal place of business in Cleveland, OH and has registered agent Kevin M. Stoltman located at 1360 East 9th St., Suite 1070 in Cleveland, OH 44114.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA") codified as 28 U.S.C. 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of what may be thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Further, Plaintiff alleges a national class, which will result in at least one Class member from a different state.

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has personal jurisdiction over North Coast because the company is incorporated and headquartered in the state of Ohio. The messages that are the subject of this case were created and sent by or on behalf of North Coast.

9. Venue is proper in the United States District Court for the Northern District of Ohio because defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because North Coast is incorporated and headquartered in the Northern District of Ohio.

## TCPA Background

<u>Calls Made Using a Pre-Recorded Message</u>

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11. Under the TCPA, the burden is on the seller – here, North Coast – to have obtained and documented, and to prove, prior express consent.

<u>The Rise of Automated Calling and Complaints Associated with Them</u>

12. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016), https://www.ftc.gov/system/files/documents/advocacy_documents/commentstaff-ftc-bureau-consumer-protection-federal-communications-commission-rulesregulations/160616robocallscomment.pdf.

13. In fiscal year 2017, the FTC received 4,501,967 complaints about robocalls, compared with 3,401,614 in 2016. Federal Trade Commission, *FTC Releases FY 2017 National Do Not Call Registry Data Book and DNC Mini Site* (Dec. 18, 2017), https://www.ftc.gov/news-events/press-releases/2017/12/ftc-releases-fy-2017-nationaldo-not-call-registry-data-book-dnc.

14. *The New York Times* recently reported on the skyrocketing number of robocall complaints. Tara Siegel Bernard, *Yes, It's Bad. Robocalls, and Their Scams, Are Surging*, N.Y.

3

Times (May 6, 2018), https://www.nytimes.com/2018/05/06/your-money/robocalls-riseillegal.html; *see also* Katherine Bindley, *Why Are There So Many Robocalls? Here's What You Can Do About Them*, Wall St. J. (July 4, 2018), https://www.wsj.com/articles/why-there-are-so-manyrobocalls-heres-what-you-can-do-about-them-1530610203.

## FACTUAL ALLEGATIONS

15. Plaintiff Newell is a "person" as the term is defined by 47 U.S.C. § 153(39).

16. Plaintiff Newell's telephone number, (484) 213-XXXX, is registered to a cellular telephone service.

17. Defendant North Coast is a "person" as the term is defined by 47 U.S.C. § 153(39).

18. Plaintiff Newell had received North Coast's "Landscape Management" magazine at his home when that publication simply began showing up at his grandparents' home, which is where Plaintiff Newell also lived for some time. Neither Plaintiff Newell nor his grandparents had ever requested to receive the magazine.

19. Then, on or about January 8, 2018, Plaintiff received a call by or on behalf of North Coast (from an apparent call center employee who identified herself as "Vanessa") with regard to North Coast's "Landscape Management" Magazine. In that call, North Coast or its agents sought to "update" the address and contact information for Plaintiff.

20. On or about November 7, 2018, Plaintiff received another call by or on behalf of North Coast with regard to its "Landscape Management" Magazine. In that call, much like the one in January that same year, North Coast or its agents sought to do a "regular address update"

for Plaintiff. The calling party stated that she was calling "from a call center in Colorado Springs, Colorado."

21. At no time during either of these calls did Plaintiff consent to receive additional telemarketing calls from North Coast regarding either Landscape Management or any other product or service from North Coast. Plaintiff did not sign any document or enter into any agreement with North Coast. And indeed, at no point has Plaintiff Newell ever sought out or solicited information regarding Defendant North Coast's products or services.

22. Despite this, on July 29, 2019, August 1, 2019, and August 7, 2019, Plaintiff Newell received pre-recorded message calls from North Coast to his cellular telephone number. The pre-recorded message was identical on these calls. It stated:

> Hello, my name is Shea(?) from Landscape Management, the free magazine you currently receive. Press 1 if you would like to continue receiving Landscape Management…

23. As set forth above, North Coast did not have the Plaintiff's prior express consent to call Plaintiff using a prerecorded message.

24. Even if Plaintiff's prior receipt of Defendant's free Landscape Management magazine constituted an established business relationship with Defendant, which Plaintiff denies, such a relationship would provide no safe harbor to Defendant anyway. Defendant may not use prerecorded messages without prior express consent in calls made to cellular telephones.

## CLASS ACTION ALLEGATIONS

25. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

26. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

27. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Pre-Record Call Class:** All persons in the United States who, within four years prior to the commencement of this litigation until the class is certified, received one or more pre-recorded calls on their cellular telephone from or on behalf of North Coast.

28. Plaintiff Newell is a member of, and will fairly and adequately represent and protect the interests of, this Class, as he has no interests that conflict with any of the class members.

29. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

30. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

31. This Class Action Complaint seeks injunctive relief and money damages.

32. The Class as defined above is identifiable through the Defendant's dialer records, other phone records, and phone number databases.

33. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the thousands.

34. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

35. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

36. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

37. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

>    (a) whether Defendant utilized a pre-recorded message when it called members of the Class;
>
>    (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express consent to make the calls;
>
>    (c) whether Defendant's conduct constitutes a violation of the TCPA; and
>
>    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

38. As a person who received non-emergency telephone calls using a pre-recorded message without his prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member who also received such phone calls.

39. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

40. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The identity of class members will be ascertainable from records maintained by Defendant and/or its agents.

41. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

42. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION
### Statutory Violations of the Telephone Consumer Protection Act
### (47 U.S.C. 227, et seq.)
### on behalf of the Robocall Class

43. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

44. North Coast violated the TCPA by sending, or causing to be sent via an agent, prerecorded messages to the cellular telephones of Plaintiff and members of the Class using a pre-recorded message without their prior express consent.

45. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from calling cellular telephone numbers except for emergency purposes, using a pre-recorded voice, in the future, without consent.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.)
### on behalf of Class

47. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

48. North Coast violated the TCPA by sending, or causing to be sent via an agent, prerecorded messages to the cellular telephones of Plaintiff and members of the Class using an automated dialer without their prior express consent.

49. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class is entitled to treble damages of $1,500 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

50. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from calling cellular telephone numbers except for emergency purposes, using a pre-recorded voice, in the future, without consent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling cellular telephone numbers except for emergency purposes, using a pre-recorded voice, in the future, without prior express consent.

B. As a result of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

  C. As a result of Defendant's statutory violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500 in statutory damages for each and every violation of the TCPA;

  D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class as permitted by law or in equity;

  E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class as the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

  F. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: February 4, 2019   PLAINTIFF, on behalf of himself
            and others similarly situated,

            By:  /s/ *Michael J. Boyle, Jr.*
            Michael J. Boyle, Jr.
            Email:  mboyle@meyerwilson.com
            Matthew R. Wilson
            Email:  mwilson@meyerwilson.com
            MEYER WILSON CO., LPA
            1320 Dublin Road, Suite 100
            Columbus, OH 43215
            Telephone:  (614) 224-6000
            Facsimile:  (614) 224-6066

            Anthony Paronich (*pro hac vice* to be filed)
            Email:  anthony@paronichlaw.com
            PARONICH LAW, P.C.
            350 Lincoln Street, Suite 2400
            Hingham, MA 02043

Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff*

Case: 1:20-cv-00245-DAP Doc #: 1 Filed: 02/04/20 11 of 11. PageID #: 11